UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIC COX                                                         CIVIL ACTION

VERSUS                                                           NUMBER: 14-0514

MARLIN GUSMAN, ET AL.                                            SECTION: "E"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Eric P. Cox, Sr., against defendants, Marlin Gusman, Sheriff of Orleans Parish and, arguably, the "New Orleans Parish Jail."[1]

Plaintiff is an inmate of the Orleans Parish Prison ("OPP") system who is awaiting trial on unidentified criminal charges. In the above-captioned complaint which he brings pursuant to §1983, plaintiff complains of inhumane and unsafe living conditions in that there is insufficient heat during freezing weather in the tent in which he is housed; that razor wire is hung inside said tent; that the tent is infested with leeches and spiders,

---

[1] / Although plaintiff included the "New Orleans Parish Jail" as a defendant in the caption of his complaint, he failed to list that penal facility separately on page five of his initial pleading where he was directed to do so. (Rec. doc. 1, pp. 1, 5). Considering plaintiff's *pro se* status, out of an abundance of caution the Court issues this Report and Recommendation as if the jail was included as a defendant.

resulting in plaintiff being bitten by a spider for which he failed to receive medical attention in a timely manner; and, that the vents and ceiling of the tent have not been cleaned of mold in years, causing mold, dirt, and water to fall over the sleeping area. In his prayer for relief, plaintiff seeks a court order directing OPP to improve jail conditions and an unspecified amount of monetary damages from the Sheriff. (Rec. doc. 3).

Plaintiff has instituted suit herein *in forma pauperis* pursuant to 28 U.S.C. §1915. A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim is alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2(B)(ii). *See also* 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

As noted above, the sole defendants named in this §1983 proceeding are Sheriff Gusman and OPP. The law is well-settled that in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). On that score, correctional facilities like OPP are not considered to be "persons" within the meaning of §1983 and are thus incapable of being cast in judgment under Rule 17(b), Fed. R. Civ. P. *Wetzel v. St. Tammany*

*Parish Jail*, 610 F. Supp. 2d 545, 548-49 (E.D. La. 2009); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989). Accordingly, it will be recommended that plaintiff's claims against OPP be dismissed as frivolous and for failing to state a claim under 28 U.S.C. §§1915(e) and 1915A and 42 U.S.C. §1997e. *Wetzel*, 610 F. Supp. 2d at 549.

As for the Sheriff, plaintiff gives no clear indication of the capacity in which he is being sued. In either capacity, plaintiff's claims are unavailing. "'Plaintiffs suing government officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *1 (E.D. La. Oct. 1, 2009)(quoting *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)). This is so because "'[p]ersonal involvement is an essential element of a civil rights cause of action.'" *Id*. (quoting *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Supervisory officials like the Sheriff "... cannot be held liable for federal civil rights violations allegedly committed by his associates based merely on a theory of strict liability or vicarious liability." *Id*. (footnotes omitted).

Moreover, "'[i]n a suit brought against a municipal official in his official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter*, 2009 WL 3231826 at *2 (quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id*. (quoting *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff "... must identify the policy or custom which allegedly caused the deprivation of his

3

constitutional rights." *Id*. (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

In the instant case, plaintiff has not alleged that Sheriff Gusman was personally involved in or even aware of the conditions or events of which he complains. Nor does plaintiff allege that the Sheriff failed to train or supervise the subordinate officers involved, that a causal connection exists between the alleged failure to train or supervise and the alleged violation of his constitutional rights, and that the failure to train or supervise constituted deliberate indifference. *Boyd v. Larpenter*, No. 14-CV-0117, 2014 WL 793576 at *4 (E.D. La. Feb. 26, 2014)(citing *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991)(citations omitted)). That being the case, there is simply no basis upon which to hold the Sheriff liable here.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed pursuant to 28 U.S.C. §§1915(e)(2)(B)(i) and (ii), 1915A(b)(1), and 42 U.S.C. §1997e(c).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this __20th__ day of _____March_____, 2014.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE